# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **G&W Water Supply Corporation,** § | | |
| *Plaintiff* § | | |
| § | | |
| **v.** § | | |
| § | **No. 1:26-cv-00261-ADA-SH** | |
| § | | |
| **Thomas J. Gleeson, Kathleen Jackson,** § | | |
| **Courtney K. Hjaltman, and Morgan** § | | |
| **Johnson, in their official capacities as** § | | |
| **Commissioners of the Public Utility** § | | |
| **Commission,** § | | |
| *Defendants* § | | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:    THE HONORABLE ALAN D ALBRIGHT**
**UNITED STATES DISTRICT JUDGE**

Now before the Court are Defendants' Motion to Dismiss Plaintiff's Amended Complaint, filed February 27, 2026 (Dkt. 15); Plaintiff's Response, filed March 12, 2026 (Dkt. 20); and Defendants' Reply, filed March 19, 2026 (Dkt. 21).[1]

### I.    Background

Plaintiff G&W Water Supply Corporation, a Texas water service corporation, seeks injunctive and declaratory relief under 7 U.S.C. § 1926(a) against Defendants Thomas J. Gleeson, Chairman of the Public Utility Commission of Texas, and PUC Commissioners Kathleen Jackson, Courtney K. Hjaltman, and Morgan Johnson ("PUC Officials"). Amended Complaint, Dkt. 6.

Under the Texas Water Code, the PUC is the state agency responsible for regulating Texas water utilities and issuing Certificates of Convenience and Necessity ("CCNs"). TEX. WATER

---

[1] The District Court referred to this Magistrate Judge all non-dispositive pretrial matters for disposition and all case-dispositive motions for findings and recommendations, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and Judge Alan D Albright's Standing Order on referrals to United States Magistrate Judges. Dkt. 5.

CODE §§ 13.242, 13.244. A CCN gives a utility "(1) the exclusive right to serve the area within its CCN and (2) an obligation to serve every consumer within its certified area and render continuous and adequate service within the area." *Green Valley Special Util. Dist. v. City of Schertz, Tex.*, 969 F.3d 460, 475 (5th Cir. 2020).

G&W holds CCN No. 12391, which grants it the exclusive right to provide retail water service to a 180,000-acre geographic area within Grimes and Waller Counties. Dkt. 12-3. In 2013 and 2016, G&W used the federal rural loan program under § 1926(a) to borrow $5.9 million from the U.S. Department of Agriculture to make improvements in its water system and lines. Dkt. 12-4. The debt remains outstanding. Dkt. 6 ¶ 10; Affidavit of Kevin Gilmore, Dkt. 12-2 ¶ 5. To ensure that federally indebted utilities repay their loans under § 1926(a), Congress enacted § 1926(b), which protects utilities from certain "curtailment and encroachment by municipalities and other public bodies." *Green Valley*, 969 F.3d at 475 (citing 7 U.S.C. § 1926(b)).

Hegar Springs, L.L.C. is a developer that owns a 227.91-acre tract of land ("Property") in G&W's certified water service area in Waller County. Dkt. 6 ¶ 8. On November 6, 2025, Hegar Springs filed a "Petition for Streamlined Expedited Release" with the PUC seeking decertification of the Property from G&W's CCN. Dkt. 12-6 at 1; Defendant's Hearing Exh. 1. After G&W intervened in the Hegar Springs proceeding, PUC staff and the Administrative Law Judge overseeing the case recommended that the PUC grant Hegar Springs' petition. Dkt. 6 ¶¶ 13-14; Dkt. 15 in PUC Case No. 58945.[2] The PUC was scheduled to issue a final decision on the petition on May 7, 2026. Dkt. 23 at 1. The Court granted G&W's motion for a preliminary injunction under Rule 65(a) to enjoin the PUC Officials from granting the petition on April 28, 2026.

---

[2] https://interchange.puc.texas.gov/search/filings/?UtilityType=A&ControlNumber=58945&DocumentType=ALL&SortOrder=Ascending. The Court takes judicial notice of the docket as a matter of public record under Federal Rule of Evidence 201. *In re Deepwater Horizon*, 934 F.3d 434, 440 (5th Cir. 2019).

## II.    Analysis

Section 1926(b) of the Consolidated Farm and Rural Development Act provides:

> The service provided or made available through any such association[3] shall not be curtailed or limited by inclusion of the area served by such association within the boundaries of any municipal corporation *or other public body*, or by the granting of any private franchise for similar service within such area during the term of such loan; nor shall the happening of any such event be the basis of requiring such association to secure any franchise, license, or permit as a condition to continuing to serve the area served by the association at the time of the occurrence of such event.

7 U.S.C. § 1926(b) (emphasis added).

Under Texas law, the PUC "shall grant" a landowner's petition for expedited release of the area from a CCN if the landowner is not receiving water or sewer service and is in a county with certain population requirements. TEX. WATER CODE § 13.2541(b), (c). The utility commission "may not deny the petition based on the fact that the certificate holder is a borrower under a federal loan program." *Id.* § 13.2541(d).

G&W asserts that Texas Water Code § 13.2541 directly conflicts with § 1926(b) and so is preempted under the Supremacy Clause of the U.S. Constitution. The PUC Officials move to dismiss under Rule 12(b)(6), arguing that § 1926(b) does not apply to state regulators and that its enforcement would constitute "an unconstitutional commandeering of the Texas water regulatory system." Dkt. 15 at 2.

Because of the conflict between the federal and state statutes, Texas water utilities have filed many suits asserting, as G&W does here, that § 1926(b) preempts Texas Water Code § 13.2541. In defending such suits, the PUC has unsuccessfully argued, as it does here, that § 1926(b) applies only to local governments and does not apply to state regulators.

---

[3] "[A]ssociation" includes rural water and sewer utilities. 7 U.S.C. § 1926(a).

3

The Fifth Circuit partly addressed both issues in *Crystal Clear Special Util. District v. Jackson*, 142 F.4th 351, 354 (5th Cir. 2025). In *Jackson*, the Court granted the utility's motion for a preliminary injunction under § 1926(b) after finding that it met the physical ability test under *Green Valley* and that it was likely § 1926(b) expressly preempted Texas Water Code § 13.2541. *Id.* The Fifth Circuit sustained the Court's holding that the utility likely would satisfy the physical ability test, but held that "the district court erred to the extent it held that § 1926(b) *expressly* preempts Texas Water Code § 13.2541" because it "does not contain language expressly displacing state law." *Id.* at 364.[4] The Fifth Circuit declined to address in the first instance whether conflict preemption applies to § 13.2541 and remanded to the District Court to consider "whether § 1926(b) otherwise preempts Texas Water Code § 13.2541." *Id.* at 366-67. The Fifth Circuit also declined to decide whether § 1926(b) applies to state regulatory agencies because the District Court had not addressed the conflict preemption issue, but stated that the "conflict-preemption analysis may confirm that we face an unanswered but important question of law." *Id.* at 366. These issues remain pending before the Court, and the United States has given notice of its intent to participate. No. 1:23-cv-00878-DAE at Dkt. 90.

### A. Section 1926(b) Applies to the PUC

The PUC Officials argue that "under § 1926(b)'s plain text, the statute applies to municipalities (that could provide water service to the tract that the plaintiff utility would otherwise serve under its certificate), not state utility regulators like the PUC[] (that does not)." Dkt. 15 at 6. This Court has rejected this argument repeatedly and uniformly concluded that § 1926(b) applies to state regulators. *Crystal Clear Special Util. Dist. v. Cobos,* No. 1:22-CV-1293-DAE, 2025 WL

---

[4] Preemption of state law may be the result of either express, conflict, or field preemption. *Jackson*, 142 F.4th at 363-64. Express preemption applies when Congress adopts express language defining the existence and scope of preemption. *Id.* at 363.

2618563, at *8 (W.D. Tex. Sept. 3, 2025) (finding "no new basis to reconsider" previous decision that § 1926(b) applies to the PUC);[5] *Crystal Clear Special Util. Dist. v. Lake*, 1:22-CV-1293-RP, 2024 WL 5505298, at * 3 (W.D. Tex. Jan. 16, 2024) (concluding that "Section 1926(b) applies to the actions of the PUCT Defendants"); *North Collin Special Util. Dist. v. Lake*, No. 1:21-CV-807-DAE, 2023 WL 2561730, at *4 (W.D. Tex. Jan. 11, 2023) ("After careful consideration, the Court finds § 1926(b) applies to the PUC as a state utility regulator."); *Dobbin Plantersville Water Supply Corp. v. Lake*, No. 1:21-CV-00612-RP, 2022 WL 2718985, at *5 (W.D. Tex. July 13, 2022) ("The Court finds that § 1926(b) applies to the PUC."), *R. & R. adopted*, 2022 WL 5568377 (W.D. Tex. Aug. 4, 2022), *aff'd*, 108 F.4th 320 (5th Cir. 2024); *Weston Water Supply Corp. v. Lake*, 1:21-CV-608-LY at Dkt. 34 at 10-11 (W.D. Tex. June 24, 2022) (finding that § 1926(b) applied to the PUC based on its text, legislative history, and appellate case law); *Crystal Clear Special Util. Dist. v. Marquez*, 316 F. Supp. 3d 965, 973 (W.D. Tex. 2018) (rejecting the argument that, "absent municipal encroachment," 1926(b) did not apply).[6]

While the PUC Officials acknowledge the Court's previous rulings, they contend that the PUC is not an "other public body" under § 1926(b). Dkt. 15 at 11. They offer no new authority or arguments to support this position and cite no cases holding that § 1926(b) does not apply to state regulators like the PUC.

As this Court has found repeatedly, "§ 1926(b)'s plain language does not limit its application to municipalities because it refers to 'any municipal corporation or *other public body*' and does

---

[5] This Order was issued after the Fifth Circuit remanded *Jackson*.

[6] *See also Rural Water Dist. No. 4, Douglas Cnty., Kan. v. City of Eudora, Kan.*, 659 F.3d 969, 976 (10th Cir. 2011) ("Doubts about whether a water association is entitled to protection from competition under § 1926(b) should be resolved in favor of the [USDA]-indebted party seeking protection for its territory."); *Pittsburg Cnty. Rural Water Dist. No. 7 v. City of McAlester*, 358 F.3d 694, 716 (10th Cir. 2004) (stating that § 1926(b) prohibits "any local or state action" that "purports to take away from an indebted rural water association any territory for which the association is entitled to invoke the protection of § 1926(b)").

not define those terms." *North Collin*, 2023 WL 2561730, at *4. Nor do legislative history and intent support a limitation to local government action. *Weston*, 1:21-CV-00608-LY at Dkt. 34 at 10. Congress enacted § 1926(b) to "ensure that federally indebted utilities repay their loans" and protect utilities "from curtailment and encroachment by municipalities and *other public bodies*." *Green Valley*, 969 F.3d at 475. "Limiting the statute to local-government curtailment, but permitting state-agency curtailment, would undermine the various purposes underlying Section 1926." *Weston*, 1:21-CV-00608-LY at Dkt. 34 at 10. This Magistrate Judge recommends that the District Court once again find that § 1926(b) applies to the PUC.

## B. Anticommandeering and Preemption

The anticommandeering doctrine under the Tenth Amendment bars the Federal Government from "commanding the States' officers, or those of their political subdivisions, to administer or enforce a federal regulatory program." *Printz v. United States*, 521 U.S. 898, 935 (1997). But the Constitution "enables the Federal Government to pre-empt state regulation contrary to federal interests" and permits the Federal Government to hold out incentives to the States under its spending power "as a means of encouraging them to adopt suggested regulatory schemes." *New York v. United States*, 505 U.S. 144, 188 (1992).

The PUC Officials argue that applying § 1926(b) to the PUC would constitute "an unconstitutional commandeering of Texas's water regulatory system." Dkt. 15 at 12. They contend that enforcing § 1926(b) against the PUC would require state officials to administer federal regulatory law in violation of the Tenth Amendment.

This argument is precluded by Fifth Circuit precedent and this Court's decisions that enforcing § 1926(b) against the PUC does not violate the anti-commandeering principle. *City of Madison*,

816 F.2d at 1060; *North Collin*, 2023 WL 2561730, at * 5; *Dobbin,* 2022 WL 2718985, at *6; *Weston*, 1:21-CV-00608-LY, Dkt. 34 at 11.

In *City of Madison*, 816 F.2d at 1060, the Fifth Circuit rejected the city's argument that § 1926(b) violates the Tenth Amendment if it limits the city's sovereign condemnation power. The court held that § 1926(b) does not permanently curtail the city's authority because it applies only while the federal debt is outstanding:

> The limits on the provision of water service are thus restricted in time and in scope so as not to disable the city severely from performing its governmental function. At most, Section 1926(b) ordains a dual water authority function within a municipal area for a period of time.
>
> ***
>
> The overall effect of this statute is therefore not so much to infringe the city's sovereign power as to foster a cooperative effort between local and federal authorities. The Tenth Amendment is surely not offended by a limited restriction imposed by the federal government to protect its subsidized loans, particularly when the benefits of those loans accrue to the municipality.

*Id.* at 1061. Section 1926(b) "does not 'permanently curtail' the PUC's authority or prevent the PUC from regulating 'to assure minimum standards.'" *Dobbin*, 2022 WL 2718985, at *6 (quoting *City of Madison*, 816 F.2d at 1061). In addition, "it is well-established that the federal government may 'attach conditions on the receipt of federal funds' under the Spending Clause of the Constitution." *Weston*, 1:21-CV-00608-LY, Dkt. 34 at 11 (quoting *New York*, 505 U.S. at 167); *see also Glenpool Util. Servs. Auth. v. Creek Cnty. Rural Water Dist. No. 2*, 861 F.2d 1211, 1215 (10th Cir. 1988) (holding that 1926(b) rests on Congress' powers under the spending clause and does not violate Oklahoma's Tenth Amendment rights).

Conflict preemption applies "(1) where complying with both federal and state law is impossible, or (2) where the state law creates an unacceptable obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Jackson*, 142 F.4th at 364. Texas Water

Code § 13.2541(d)'s provision that the PUC "may not deny the petition based on the fact that the certificate holder is a borrower under a federal loan program" directly conflicts with § 1926(b)'s prohibitions on curtailment of a federally indebted water utility. Therefore, Section 13.2541(d) of the Texas Water Code is preempted by § 1926(b).

### III.   Recommendation

For these reasons, this Magistrate Judge **RECOMMENDS** that the District Court **DENY** Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 15).

### IV.   Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on April 28, 2026.

                              _____

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE